DYE et al. v. LIVINGSTON LUMBER CO.

(Court of Civil Appeals of Texas. Texarkana. Dec. 1, 1913. Rehearing Denied Dec. 11, 1913.)

1. PARTNERSHIP (§ 141*) — PROPERTY CONVEYED.

A deed signed by partners who composed the Livingston Lumber & Manufacturing Company, which recited that it conveyed all of the property and assets of that company to a corporation, includes only the partnership property and does not pass title to the partners' individual estate.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 214–221; Dec. Dig. § 141.*]

2. PLEADING (§ 214*)—DEMURRER—EFFECT.

On demurrer the averments of the petition must be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. TRESPASS TO TRY TITLE (§ 32*)—ACTIONS—PETITIONS—SUFFICIENCY.

A petition in trespass to try title, which averred that defendants based their sole claim of title on a deed executed by plaintiffs as members of a firm, which included only the firm property, and that the land was the individual property of plaintiffs, states a cause of action.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

4. TRESPASS TO TRY TITLE (§ 32*)—PETITION—SUFFICIENCY.

In trespass to try title, where the petition alleged that defendants based their whole claim of title on a deed conveying the partnership property of a firm formerly composed of plaintiffs, and that the land in suit was plaintiffs' individual property, subsequent counts based on other agreements in relation to the property, to which defendants were parties, do not state a cause of action and are open to special exception.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

Appeal from District Court, Polk County; L. B. Hightower, Judge.

Action by I. A. Dye and another against the Livingston Lumber Company. From a judgment sustaining a demurrer to the petition, plaintiffs appeal. Reversed and remanded.

Holshousen & German and T. F. Meece, all of Livingston, for appellants. Hill & Hill, of Livingston, for appellee.

LEVY, J. This is an action in trespass to try title to certain lands and for damages for timber taken therefrom. The petition has the formal statutory allegations of trespass to try title, and in addition thereto alleges and sets out deeds to a common source of title under which both the plaintiffs and defendant assert title to the lands in controversy, and further alleges .that the only claim defendant has or is asserting to the land is through and by virtue of a certain instrument in writing, which is set out in full. 'The defendant answered by general demurrer and special exceptions, besides other pleas. The court sustained the demurrer and certain special exceptions to the petition, and the appeal is to revise these rulings of the court.

[1-3] The demurrer is directed to the third and fourth and the sixth and seventh paragraphs of the petition, wherein was alleged and set out the particular claim of the defendant and the plaintiffs to the lands sued for. It appears from the petition that appellants Kelly and Dye formed a sawmill copartnership under the name of the Livingston Lumber & Manufacturing Company. Prior to the partnership Kelly and Dye separately acquired by deeds the lands in suit, which deeds are set forth. On September 10, 1902, this copartnership, through the partners, executed an instrument in writing by the terms of which there was passed, for the consideration therein specified, to the Livingston Lumber Company, a corporation, the following: "All of the property and assets of every kind and nature of said Livingston Lumber & Manufacturing Company." Appellants sue as individuals, alleging, as to the land in suit, "that the Livingston Lumber & Manufacturing Company had no title or interest in said lands, but the same were the property of the said I. A. Dye and C. B. Kelly." The instrument of September 10, 1902, purported on it face, and in legal effect operated, we think, to pass and vest in the Livingston Lumber Company, a corporation, the title to all the real and personal property of the Livingston Lumber & Manufacturing Company, a copartnership, but did not purport or operate to pass the distinct and separate property, which was not copartnership property, of the members of the partnership. And in legal requirement a further conveyance was not necessary in order to pass to the Livingston Lumber Company, a corporation, the copartnership property of the Livingston Lumber & Manufacturing Company. And in view of the allegation that the property in suit was not copartnership property of the Livingston Lumber & Manufacturing Company, which on demurrer must be taken as true, the petition on its face sufficiently presented, as against a demurrer, an actionable controversy. If, under the allegations, the lands sued for were not partnership lands of the Livingston Lumber & Manufacturing Company, but the distinct and private lands of the individual members of that partnership, then, assuming as true the allegation that defendant claims only under the instrument of 1902, the appellants were legally entitled to recover against appellee.

[4] But if the lands in suit were, on a trial, shown to be the copartnership lands of the

Livingston Lumber & Manufacturing Company,' then it would follow as a matter of law that appellee would be entitled, in view of the instrument of 1902, to a judgment. And in view of the construction given the instrument of 1902, which is pleaded as the only claim of appellee to the lands sued for, the allegations shown in paragraphs 6 and 7 of the petition would not legally avail appellants, as placing any title in them, even if proven as alleged. For if by legal force and effect of the instrument of 1902 only partnership property of the Livingston Lumber & Manufacturing Company was undertaken to be passed and did pass to the Livingston Lumber Company, a corporation, then the rights of appellants and the corporation would be limited to the controversy of fact of whether or not the property sued for was the partnership property of the Livingston Lumber & Manufacturing Company or the distinct and private property of the individual members of the partnership. And, if it were established that the lands sued for were the distinct and private property of the individual members of the partnership, then appellee would conclusively have no such claim or title to the premises as it could legally make subsequent or any agreement of disposition about, as pleaded in such paragraphs above referred to. Likewise, if it were established that the lands sued for were partnership property of the Livingston Lumber & Manufacturing Company and not the distinct and private property of the individual members of the partnership, then appellants would conclusively, in view of the instrument of 1902, have no title or claim in the property as they could legally make subsequent agreement or any contract about, as pleaded in said sixth and seventh paragraphs. Therefore the entire petition was not subject to a general demurrer. And the elimination of the sixth and seventh paragraphs of the petition by special exception, which we think was correctly ruled by the court, nevertheless left remaining, under the other paragraphs, a cause of action sufficiently stated.

As the general demurrer and special exception No. 1 were improperly sustained, the assignments presenting the errors are sustained, and the judgment is reversed, and the cause remanded.